## Clement Curtis v. Fred Wagner.

1. REAL ESTATE AGENTS—*When Not Entitled to Commissions.*— Where the owner of a tract of land, a German, and unable to distinctly understand the language, entered into a written contract in English, with a real estate agent, agreeing to grant him the sole agency to sell the property upon the terms in it described, and after some difficulty in trying to make him understand the contract at the time it was signed, the agent told him if he found a buyer himself, he, the agent, was to have no commissions, and subsequently the owner found a buyer and effected a sale of his land without the assistance of the agent, *it was held* that the agent was not entitled to a commission.

Assumpsit, for commissions upon the sale of real estate. Appeal from the Circuit Court of La Salle County; the Hon. HARVEY M. TRIMBLE, Judge, presiding. Heard in this court at the April term, 1901. Affirmed. Opinion filed October 8, 1901.

FOWLER BROS. and B. F. BRADY, attorneys for appellant.

CHARLES S. CULLEN, attorney for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

Appellant brought suit against appellee to recover $200 claimed by him as commission upon the sale of the latter's farm. In the Circuit Court, to which the case came by appeal, a jury was waived and the court found for appellee, giving judgment against appellant for costs. No propositions of law were presented to be passed upon by the trial court, but appellant insists that the finding and judgment of the court were not sustained by the evidence.

Appellant introduced in evidence the following instrument in writing, signed by appellee :

"TRIUMPH, ILL., May 4, 1900.

I, Fred Wagner, owner of the hereinafter described property, do hereby agree to grant to Clement Curtis the sole agency to sell the property hereinafter described, upon the terms hereinafter mentioned; and if a sale is made or a purchaser secured, according to the terms hereinafter named, or a purchaser secured or a sale made at any other terms which may hereafter be authorized or accepted by me, I agree to pay to said Clement Curtis a cash commis-

sion of $200 out of the first payment upon said land, and I agree to give Clement Curtis all over the said price that he gets."

The above was followed by a statement of the terms and description of the property and was signed by appellee. Appellee testified that appellant prepared the agreement and that he, appellee, commenced to read it but that being a German he could not read it very fast, so appellant took it and read it so rapidly that he could not follow it. Appellant testified in reference to a conversation with appellee at the time the contract was signed, " I told him if he found a buyer and I did not have anything to do with it, I would not charge him any commission." Appellee swore, in substance, that it was agreed between them at the time, that if he sold the premises himself, appellant was to have no commission. Appellee further testified that he supposed the contract reserved the right for him to sell the farm without the payment of any commission to appellant. On May 30, 1900, the premises were sold to Adam Stevenson, and appellant claims to have brought about the sale. Stevenson testified that he knew the farm was for sale before appellant did and informed him of that fact. Both Stevenson and appellee swear that the sale was brought about without the assistance of appellant in any manner. Stevenson in fact swears that appellant delayed the sale by professing to have another purchaser, named Landers, in view, and that he, Stevenson, refused to complete the trade until the negotiations with Landers were ended. Appellant alone swears to facts tending to show that he brought about the sale.

It appears from the preponderance of the evidence that the sale of the premises was effected by appellee without the assistance of appellant and that the latter is not entitled to the commission claimed by him.

It also appears that before the sale to Stevenson was made appellant claimed to have found a purchaser for the place in the person of Landers. He insisted that appellee should pay him his commissions upon the sale and placed his claim in the hands of Mr. Brady, his attorney, who

wrote appellee demanding the commission for appellant for making the sale. Appellee swore that after receiving this letter, he had a conference with Mr. Brady, as attorney for appellant, and then and there offered to convey the land to Landers if the latter would comply with the terms of sale named in said written instrument, but that such terms were not complied with. Appellant objected to the admission of this testimony but the objection was overruled and an exception taken. Appellant now claims that the court erred in admitting the testimony. As Brady was the attorney for appellant and was representing him in an attempt to collect the claim against appellee, we think the evidence was entirely proper and that there was no error in admitting it. The court properly found in favor of appellee and the judgment against appellant must be affirmed.